UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE RICHARDSON,

          Plaintiff,

    v.

SANDRA CARTER, *et al*,

          Defendants.

Case No.  C06-5324FDB-KLS

ORDER TO SHOW CAUSE

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

    On June 8, 2006, plaintiff filed his complaint. On June 30, 2006, plaintiff filed a document titled: "Information Supporting Statement of Claims Specifically How each individual defendant Named in this petition violated Plaintiff [sic] Constitutional Rights" ("Information"). (Dkt. #4).  Through that document, it appeared plaintiff was attempting to amend the complaint he filed on June 8, 2006, by providing additional information regarding the defendants named therein.  However, because plaintiff must include all relevant information and claims in one complaint document, the Court declined to serve his complaint.

    Instead, the Court informed plaintiff that if he desired to make the additional information contained in

ORDER
Page - 1

1  the Information he filed part of his original complaint, he must do so by filing an amended complaint,
2  consisting of one document that could be served on the named defendants, by no later than August 6, 2006.
3  The Court further informed plaintiff that if he failed to file such an amended complaint by the above date, the
4  Court would treat only the original complaint he filed on June 8, 2006, without reference to the Information he
5  filed on June 30, 2006, as his complaint in this matter.

6        On July 24, 2006, plaintiff responded to the Court's order by filing a motion to disregard the
7  Information. (Dkt. #9).  Accordingly, the Court shall do so.  Plaintiff's motion to disregard (Dkt. #9)
8  hereby is GRANTED.  The Court shall treat plaintiff's original complaint as his only complaint in this
9  matter.  For the reasons set forth below, however, the Court finds that complaint to be deficient.

10        A complaint is frivolous when it has no arguable basis in law or fact.  <u>Franklin v. Murphy</u>, 745 F.2d
11  1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete
12  defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of
13  process under 28 U.S.C. § 1915(d).  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin
14  v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

15        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of
16  was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
17  right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>,
18  451 U.S. 527, 535 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section
19  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
20  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985).

21        Plaintiff also must allege facts showing how individually named defendants caused or personally
22  participated in causing the harm alleged in the complaint.  <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir.
23  1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
24  responsibility or position.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58
25  (1978).  A theory of *respondeat superior* is not sufficient to state a section 1983 claim.  <u>Padway v.
26  Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982).

27        Plaintiff alleges in his complaint that he was subject to disciplinary action in a manner contrary to
28  established Washington State Department of Corrections ("DOC") policy, which resulted in a demotion of
   his classification status.  Along with monetary damages, plaintiff requests injunctive relief in the form of an

order directing DOC to adhere to all "department" rules, regulations and procedures. Complaint, p. 5.

However, although, plaintiff asserts in general that "defendants" violated his Fifth, Eighth and Fourteenth Amendment rights (see Id.), he fails to set forth specific facts showing how each individual defendant named in the complaint caused or personally participated in causing the harm alleged. For example, while plaintiff presents some facts regarding the events in question with respect to defendants Schneider, McTarsney and Heaward, those facts fail to show how these, or the other named defendants, caused or personally participated in the alleged violation of his constitutional rights.

In addition, as noted above, plaintiff has requested injunctive relief against DOC. However, under the Eleventh Amendment to the United States Constitution, a state is not subject to suit by its own citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as well. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983.[1] Howlett, 496 U.S. at 365. Because DOC is a state agency, it is immune from liability here.

In addition, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id. Here, plaintiff has not named DOC as a defendant in this case. As such, the Court has no power to grant plaintiff the relief he requests to the extent that relief concerns injunctive or declaratory relief with respect to DOC. Even if the Court did have such power, however, again, as just discussed, DOC possesses Eleventh Amendment immunity here.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than September 14, 2006**. The amended complaint must carry

---

[1] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 14th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge