UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE RICHARDSON,

        Plaintiff,

v.

SANDRA CARTER, *et al*,

        Defendants.

Case No.  C06-5324FDB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #12). Plaintiff has been granted *in forma pauperis* status in this case.  After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

        There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity

of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff requests appointment of counsel because he is unable to afford an attorney, has requested and been granted *in forma pauperis* status, and imprisonment will greatly limit his ability to litigate this case.  He further asserts that because this case is likely to involve conflicting testimony, appointed counsel will be better able to present evidence and examine witnesses on his behalf.  These circumstances though are ones that affect the majority of prisoners in general.  As such, plaintiff has failed to demonstrate there are exceptional circumstances here warranting appointment of counsel.  In particular, plaintiff has not shown a likelihood of success on the merits or that, regardless of the potential for conflicting testimony, the legal issues involved here are necessarily complex.

Accordingly, for the reasons set forth above, plaintiff's motion for appointment of counsel (Dkt. #12) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff.

DATED this 17th day of October, 2006.

                                                                  Karen L. Strombom
                                                                   United States Magistrate Judge